I, too, would reserve about a minute for rebuttal. Your Honor, Alan Ressler, appearing on behalf of the appellant, Mr. Striet. What we have here is a sentence under the Armed Career Criminal Act. The judge used three predicate felonies in order to find that he was an armed career criminal, and the question is whether that finding was appropriate. I deal first with the assault, the third-degree assault conviction, because from my standpoint, at least as far as Mr. Striet is concerned, it's a bit easier. The court essentially concluded that assault in the third degree committed by criminal negligence was always a risk of physical injury. In other words, the court determined that because assault in the third degree amounted to a crime that involved bodily harm with substantial pain that lasted for a substantial period of time, that assault in the third degree had to be a crime that the conduct was met the otherwise prong of the statute I mean, of the guideline rule. So the court essentially concluded that it was a categorical match. And I think the court erred in that respect because Why can't we look at the plea that he entered, which acknowledged that he broke a nose? Well, the plea didn't acknowledge anything. It did. It incorporates the certificate of probable cause. No, the certificate of probable cause was not incorporated into the plea. It isn't. You can look at page 30, I believe, of the supplemental record. Would you look at that, please? I don't have a supplemental record. Well, shall I read it to you? Sure. The prosecuting attorney will make the following recommendation of the judge, and he goes on. Well, that's the deed. As set forth in the certificate of determination of probable cause. Right. And that's part of the plea agreement. Part of the plea agreement was acknowledgment by the defendant that the prosecutor could make the certification of probable cause known to the judge. The defendant never admitted the facts contained in the certification of probable cause. The trial judge never concluded that any of the facts alleged in the certification of probable cause were facts. And, indeed, the certification of probable cause was not even before the district court judge. Well, I'm a little confused about this, because in the record I have this statement of defendant on plea of guilty, which is obviously a guilty plea to that crime, which is a document that a sentencing court is permitted to look at under the Taylor modified categorical approach. And he says in his own handwriting, on May 15, 1997, in King County, Washington, I, with criminal negligence, did cause bodily harm to Dawn Politovich, a human being. It was accompanied by substantial pain, extending for a period sufficient to cause considerable suffering to her. Why isn't that sufficient? Because it doesn't deal with the conduct. What is criminal negligence? We have no idea if we look strictly at the charging document, the information, we look strictly at the plea agreement, or we look at the transcript of the plea hearing. Well, let me read you from the plea agreement. The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete. That's page 28 of the supplement. Shepherd tells us. What's that? Are you disputing that? Am I disputing that that's contained in the record? No. And that's part of the plea agreement. He's agreeing that the prosecutor's statement is correct and complete. Well, what is the prosecutor's statement? The prosecutor makes no statement. There is no certification of probable cause attached to any prosecutor's statement. The facts before the sentencing judge, there is nothing to indicate what facts were before the sentencing judge when the sentencing judge imposed sentences. Well, this is attached to the plea agreement. It must have been in front of the sentencing judge. The certification of probable cause? Yes. There was no indication that the certification was made part of the plea. Well, it's attached to it. What else can you infer? There was no record before the district court judge suggesting that the certification of probable cause was attached to the plea agreement. Well, how can he refer to it unless it's attached to it? I don't know how he could. There was no record made before the trial judge, before the district court judge, that the certification of probable cause was attached to the plea agreement. And indeed, you know, practicing in superior court, they never are. But he refers to the facts as set forth in the certification for the termination of. The district court, neither the trial court nor anyone else, made a determination, a finding of fact, that the facts as outlined in the certification were indeed the facts relating to this crime. The only facts that you have from the defendant are his statement in the plea agreement. Where else does the prosecuting attorney state the criminal history? The criminal history? Yeah. The criminal history is generally attached to the sentence. I mean, so the criminal history or sometimes it's also attached as part of the plea. Yes. The criminal history becomes a part of the plea because the defendant should know at the time he pleas what the prosecution is alleging his prior criminal conduct is. But I don't think his prior criminal conduct has no impact on whether or not this is a categorical match to a crime that involves physical injury or not. So the U.S. v. Shepard tells us what we can look at in order to determine whether or not we have a categorical match and whether or not the crime can be counted for the purposes of the Armed Career Criminal Act. Shepard tells us that we can use the plea. We can use the information. And we can use any findings of fact that the trial court made at any point in time. And there's nothing in this plea. There's nothing in the information. And there were no findings of fact made by the judge that adopted anything that's So I submit that the certification is not a part of the record, was never a part of the record before the district court judge. So there's nothing by way of factual information that would allow a conclusion that he physically assaulted her, which I agree and I admit it contained in the certification. But if we can't look to the certification, then we're stuck with the question of what his conduct was, because the record would then be bare of any suggestion that there was any conduct that would allow a conclusion that whatever he did posed a serious risk of physical injury, because bodily harm doesn't require a finding of even of any injury. Bodily harm can be the term bodily harm, at least in Washington to Washington law simply means bodily pain. So no physical injury is ever is even required. And by simply saying that he acted with pain without without injury in Washington. Well, you can have pain without there being bodily harm is defined as bodily injury or bodily pain. That's under Washington law. The definition have to be a visible injury. Physical injury. I'm just I'm just reading to you from the statute. I mean, from the definition of the statute, the statute defines bodily harm as either being bodily pain or bodily injury. And then it goes on to define what criminal negligence is as well. And you don't need. So as you as you see it, the fact he admitted bodily harm isn't enough. No, because you have to. I mean, if you admit bodily harm, you haven't said what you did. Can you cause bodily harm, pain and substantial pain without posing a serious risk of physical physical injury by engaging in criminally negligent conduct? And there and I can think of various ways where you can do that. And in the Rutherford decision that we cite to you in our memorandum suggests to you that that is indeed the case, that you that criminally negligent conduct does not necessarily pose a risk of serious bodily injury. And there are there can be there can be situations where you can act with criminal negligence and not pose a serious risk of bodily injury. I see I have 23 seconds left. I better save it. May it please the court. My name is Joanne Maida. I'm an assistant United States attorney. I represent the United States. This case does not involve a wrongful conviction for which the court is required to correct an injustice.  known as Nicholas Bakke, pled guilty to a gun charge, a felon in possession of a firearm. And he was sentenced as an armed career criminal based on a substantial and serious criminal history. He is truly what Congress considered to be a career criminal when it passed the Armed Career Criminal Act, the ACCA. By the time he was 18, Stryd had amassed a substantial and serious violent history of juvenile adjudications. And in addition to the three adult convictions that are the subject of this appeal, he also owns four other felony convictions. Isn't that all kind of irrelevant? Because what we have to look at is the three that the district court relied on to determine that he was an armed career criminal. We have to look at those three. There's two burglaries and the assault with the third degree. That's correct, Your Honor. So I think the point that defense counsel is making is that when Stryd was asked to say in his own words, and it might not be the point, but this is what I get out of it, what is it that makes him guilty of the assault with the third degree? And we look at the statement he made on this statement of guilty plea, that that's insufficient because he's just simply quoting the statute. He's not saying what actually occurred. Actually, what the point raised by Judge Noonan earlier is correct. Stryd agreed without qualification before the King County Superior Court that the probable cause certification of the prosecutor could be considered as real facts. He agreed without qualification. That is in the record on the plea agreement that the court may consider the real facts and that that was done across the board. Is this in the district court? This is in the record that the court is confined to examining the judicial record in the King County Superior Court. So what page of the record is that? It would be SER 30. There is a statement there. 37 is where he actually agrees to the stipulation that the court in sentencing may consider as real the information. Correct. It's stated in the certificate of probable cause. It's SER 37. It's stated in two places, SER 37 and SER 30. Be that as it may, this assault third degree that Stryd was convicted of is one of eight alternatives that are possible under the assault third degree statute in Washington State. What Mr. Stryd was convicted of is probably the most egregious and overt form of assault, and that is the actual infliction of bodily harm, considerable suffering, substantial pain. It is physically impossible. I cannot imagine that Mr. Stryd could have committed this type of felonious assault without also presenting a serious risk of injury. Now, in the limited amount of time, I do invite further questions on the assault third degree, and I invite questions on the Hallmark store burglary. As the court noted, there's one assault before the court. There are two burglaries. Your opponent limited his comments to the assault charge. You have to win on all three in order to prevail. I do. I have to win on at least one out of three, Your Honor. Excuse me. I misspoke. Mr. Ressler has to win on one out of three. You have to win on all three. And I have to win on all three. So what I intended to do is go to what I think to be the most contentious burglary, and that is the one in 1998 of an unspecified building located at 1825 South 243rd, which is recognized, I might say, by two of this Court's precedents as generic burglary. Now, as a practical matter, the truth about this burglary is known to everyone familiar with the record. Stryat entered a garage, and he conceded before Judge Zille below that fact, although not for purposes of this appeal. So we would not be here today had he jumped a fence and merely stayed in the yard. Yet the categorical approach that's set down by Taylor v. United States and the modified categorical approach that is set by the Ninth Circuit in the wake of Taylor requires us to disregard the underlying facts because those were not admitted by Mr. Stryat. What we do here is the Court is confined to a limited number of judicial documents before it. In Mr. Stryat's case, it's the statute, it's the charge, it's the plea agreement, it's the judgment of conviction. None of these documents indicate that he entered a garage. So Mr. Ressler is correct in his briefings that unless one looks to the underlying facts, the burglary here does not indicate entry into a garage, even though we all know that that is what happened. At the outset, I would note that burglary is a specifically enumerated felony, violent felony under the Armed Career Criminal Act. It doesn't have to involve a residence. It doesn't have to occur at night. It doesn't require a breaking. But it does need to be generic. Stryat, as I indicated, argues correctly that the documents don't say one way or the other exactly what was entered, except a building. However, under the law of United States v. Kilgore and the United States v. Stevens, Stryat loses. Kilgore was decided in 1993, three years after Taylor. Stevens was decided eight years after Kilgore in 2001. And unless an en banc court is determined to give Kilgore and Stryat the boot, those cases are binding on this panel. In both cases, the defendants entered buildings with common street addresses, and that was good enough for the court. In fact, the description of the burglaries in the Kilgore case is identical to the type of description in the Stryat case. In the Kilgore case, Judge Zille noted at ER 91 that those burglaries charged the entry of, quote, a building at 1817 26th South, unquote. Further, another building at 919 20th South. Mr. Stryat pled guilty and was convicted of a burglary at a building specified at a particular address. Mr. Stevens, eight years later, had three burglaries, two burglaries before the court, I believe, three burglaries before the court, two dwellings and a sports store. And the exact argument that was used by Mr. Stevens is used before this court by Mr. Stryat. That argument lost Mr. Stevens's case, and that argument was that the judicial documents did not establish what kind of buildings he burglarized. The same buildings that are described in the charges as a sports store and as dwellings could have been propelled vehicles under the Alaskan burglary statute, which is good enough for Alaska, but is not a generic burglary for Federal purposes. What is even more compelling is that the Stevens panel separately, eight years later, came to the identical conclusion as Kilgore, without either party citing Kilgore to the court, and without the court even discussing it. So twice now, this court has independently held that the term building, without any further qualification, and that's a direct quote, without any further qualification, with the inclusion of a common street address, is enough. It is a generic burglary. In closing, I'd just like to say. Well, actually, in Stevens, two of those had a little more detail. One is similar to building Beavers Sports at a given address, but he said, the other said, did enter or remain unlawfully in a building the dwelling of William Leffel at a street address. That's correct. So that's a little more detailed. It's a little more detailed, but it does not take care of Mr. Stride's objections. What Mr. Stevens, I see my time is up, but what Mr. Stevens argued is that there is no indication as to what that dwelling was or what that sports store was. And in fact, if it was done business out of a propelled vehicle, a tractor-trailer rig, or if the victims lived in a tractor-trailer rig, that would be sufficient. Under Alaskan law, it's not a generic burglary. And so it suffers from the same flaw. Thank you, counsel. You may have a minute. Thank you, Your Honor. I'll try to reach two points. One is, is that why should this Court decide this case any differently than Kilgore? I mean, because obviously Kilgore is very similar to the one that's before you. And I think I included in my briefing material State v. Wentz, which was decided after Kilgore, and which indicates quite clearly that under State law, a person can be convicted of burglary of a building by simply entering into a fenced area, irrespective of whether or not there's a street address there or not. And the second reason I think that we should have a different result is because I still believe that clear, cogent, and convincing evidence should be the evidentiary standard under United States v. Jordan. Now, finally, with respect to the assault conviction, the certification, I think, is improperly before this Court because it was not made a part of the record before the district court. It was the court. Well, can I ask you why the plea agreement that says the parties stimulate the court and senators who may consider the real facts is set forth in the certificate? Why that isn't part of the King's County record? It might be a part of the King's County record. Might be, yes. Yes. So it is a part of the King County record. But the question is whether anyone ever made a finding of fact that made a determination of his conduct based on that information. In other words, what Shepard tells us is that other than the plea agreement, other than the colloquy at the plea agreement, and other than the charging document, so the certification is not made a part of the plea agreement. Certification, what it says there, and I think it says it in two places. One, it says that the prosecutor may recommend, and then it has some information about real facts. What it says there is that the prosecution may present that information to a trial judge. No, the parties stipulate. That the prosecutor may. No, the court may consider. Okay. So the court may. So then the question is whether if the court doesn't make a finding, a fact, that this is indeed the conduct that results in the sentence, is it information that this court can consider or is it information that the district court can consider in determining whether it's a predicate offense? And I think Shepard says no. So you're saying the actual certification was not in front of Judge Zille? I don't think it was. I think it was made a part of the supplemental record, but I don't think it was a part of the record before Judge Zille. But how can it be included in the supplemental record before us if it wasn't a part of the record? It was made a part of the supplemental record. It wasn't made a part of the supplemental record. It was not made a part of the record by the appellant. Because if it wasn't in front, how do we find out whether it was actually part of the record or not? We'd have to go back to the record that the district court. I think I submitted to this court the record that existed before Judge Zille, and I did not submit the certification. Well, why can't we ask the government? I have an extra certified copy. Was this part of the district court record? It was not. It was inadvertently admitted. Oversight was not given to the court. However, the court has made an overview. You know we can't take new evidence on appeal. It's not new evidence, Your Honor. It was a team agreement. The court writes and attaches it by reference. But was that before the court? So the district court, Judge Zille, did he see that? Because we're relying on your argument that Judge Zille looked at various documents under the categorical approach that support his finding of the third felony. And if those documents that we're thinking that he relied on weren't before him, then we can't consider them. Because the document was before him that indicated that the court may consider facts as a probable cause for certification. What was not before him was a probable cause for certification. So he didn't consider the facts in the probable cause certification. Well, he certainly made a note on the record to the victim's injuries. But it does not show the fact, Your Honor, that he has incorporated and attached an address and a certified copy from the King County Superior Court. Well, it makes a big difference if it was given to the district judge at the time of sentencing or not given to the district judge at the time of sentencing. I understand. The court has to look at the overall review of the appropriate evidence. Yeah, that's as to the law. It's not as to the evidence. So when you submitted this to us, did you make clear that it was never given to Judge Zille? I did not realize until recently that there was an oversight that was not attached to another certified copy that was provided to us by the King County Superior Court. When I checked in preparation for today's arguments, an extra copy, it did have, as indicated, a copy of the probable cause certification. It isn't attached. It's incorporated by reference, and the plea agreement explicitly says that. Well, to my mind, it's irrelevant unless it was in front of Judge Zille. I think as an oversight case, and we do so by letter of the court's permission, that is appropriate on a de novo review. Yeah, look up the meaning of de novo review. I believe that refers to the law, not the facts. All right, does anybody else have any other questions because we're way over time? All right. U.S. v. Street is submitted, and the next four cases on the docket are also submitted on the briefs. U.S. v. Juan Acala-Velasquez, Moodyer v. U.S., Denary v. State of Washington, and Brown v. Colina. The court will adjourn this session. Thank you. All rise. The court will dismiss and adjourn.  The court is adjourned. The court is adjourned. The court is adjourned. Yeah, it's worth that. I mean, I couldn't think of a more suitable unit for law students to visit. We do a lot of writing and writing, and in terms of the law, I'm worried about trying to learn law in undergrad because it's not the same as it was. Okay. You're welcome to come back if you want to talk to me. It's okay. I'm wondering. I think it's okay. It's okay.
judges: Noonan, T. Nelson, Wardlaw